# DALLAS TERM, 1895.

---

[The following cases from the Dallas Term, 1895, did not come to the hands of the Reporter until the Thirty-fourth volume of the Texas Criminal Reports was completed. They should have appeared in that volume.]

---

## G. C. RUSSELL v. THE STATE.

*No. 553.   Decided January 12, 1895.*

**1.   Bill of Exceptions—Practice on Appeal.**

A bill of exceptions filed after adjournment of the court for the term, cannot be considered on appeal.

**2.   Aggravated Assault—Charge.**

When the charge recited the two grounds of aggravated assault alleged in two separate counts in the indictment, and then instructed the jury in effect, that if they believed that at, or about, the time alleged defendant committed an aggravated assault and battery upon the injured party, they would find him guilty. Held: In the absence of exceptions to the charge, not to authorize defendant's conviction upon grounds not alleged, and especially so where there was no proof of other grounds of aggravation than those alleged in the indictment.

APPEAL from the County Court of Hamilton.   Tried before Hon. J. W. PARKER, County Judge.

This appeal is from a conviction for aggravated assault and battery, wherein the punishment was affixed at a fine of $50 and one month's imprisonment in the county jail.   The indictment contained two counts, one charging an assault and battery, which inflicted serious bodily injury, the other an assault and battery with a piece of iron, a deadly weapon.   The evidence showed that defendant beat J. V. Wilson, the injured party, over the head with the coulter of a sulky plow, inflicting several wounds upon him and which rendered him unconscious for some time.   Wilson testified, that he did not regain consciousness until he reached home—several miles away—where he had been hauled by a neighbor in a wagon; and that he was unable to do any work for about three weeks.

The principal error complained of on the appeal was as to the charge of the court, which is set out in the opinion.

No further statement necessary.

*Warren, Main & Grogan*, for appellant.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant's bills of exceptions, having been filed subsequent to the adjournment of the term, cannot be considered. Railroad Co. v. Holliday, 65 Tex., 512; Millirons v. State, 34 Tex. Crim. R., 12.

2. We do not think the contention correct that the charge authorized the conviction of appellant for a violation of the law of aggravated assault on other than the grounds charged in the indictment. In this respect the charge is as follows, to-wit: "An assault becomes aggravated when a serious bodily injury is inflicted upon the person assaulted, or when committed with deadly weapons, under circumstances not amount-ing to an intent to murder or maim. * * * Now, if you believe from the evidence, beyond a reasonable doubt, that defendant did, in the county of Hamilton and the State of Texas, at or about the time alleged in the indictment filed herein, commit an aggravated assault and battery upon the person of one J. V. Wilson, you will find him guilty." This charge recites the grounds of aggravation charged in the two counts set out in the indictment. The charge, construed as a whole, we think, sufficiently presents the law of the case, and was not misleading, and did not authorize appellant's conviction upon any other ground than those charged. There was no proof of other ground of aggravation. There were neither requested instructions nor exceptions reserved. Loyd v. State, 19 Tex. Crim. App., 321.

The evidence fully sustains the conviction, and the judgment is affirmed.

*Affirmed.*